NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>For the use and benefit of<br>STAN AND SON<br>CONSTRUCTION, L.L.C. | : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : | Civil Action Nos. 11-03470(CCC) |
| v. | : | 11-04607(CCC) |
| | : | 11-04503(CCC) |
| | : | |
| | : | |
| PENNSYLVANIA NATIONAL | : | OPINION |
| MUTUAL CASUALTY INSURANCE | : | |
| COMPANY | : | |
| | : | |
| Defendant. | : | |

CECCHI, District Judge.

I.     INTRODUCTION

This matter comes before the Court on Defendant Pennsylvania National Mutual Casualty Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Stan and Son Construction, LLC's ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court has given careful consideration to the submissions from each party. Pursuant to Fed. R. Civ. R. 78(b), no oral argument was heard. For the reasons outlined herein, the Court grants Defendant's Motion to Dismiss Plaintiff's Complaint because Plaintiff's claim is time barred.[1]

---

[1] The Court considers any new arguments not presented by the parties in their papers or at oral argument to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## II.    BACKGROUND

The National Park Service, a bureau of the United States Department of Interior, initiated a restoration project of the Ford Mansion at the Morristown Historical National Park in Morristown, New Jersey.  (Comp. ¶ 7.)   The Department of Interior accepted the bid of DeNicolola Design, LLC ("DeNicolola"), and awarded DeNicolola $126,468.55 for the restoration project.  (Id. ¶¶ 7, 8.)  On February 16, 2010, Defendant[2] executed a payment bond for DeNicolola in the amount of $126,468.55.  (Id.)  DeNicolola subcontracted work on the project to Courtet Restoration, LLC ("Courtet"), which then subcontracted the mansion's roof restoration project to Plaintiff.  (Id. ¶ 10.)  The contract provided that Plaintiff would receive $65,000.00 for the job.  (Id.)   After completing the work on the mansion's roof, Plaintiff submitted its final invoice to Courtet on June 21, 2010.  (Id. ¶ 14.)  Subsequently, on August 30, 2010, Plaintiff gave notice of its claim to Defendant.  (Comp. ¶ 16.)[3]  On October 6, 2010, DeNicolola filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code.  (Id. ¶ 18.)

On June 15, 2011, Plaintiff filed suit alleging breach of the payment bond.[4]  (Comp. ¶ 20.)  Plaintiff alleges that Defendant was required by 40 U.SC. §§3131-3133 to assure payment to "all persons supplying labor or materials" to the restoration project.    40 U.S.C. §3131(b)(2)(1959)(referred to as the "Miller Act").   The Miller Act governs construction contracts established with the United States government.  40 U.S.C. §270(a)-(d)(1935), *amended*

---

[2] DeNicholola is Defendant's principal.  (Comp. ¶ 8.)

[3] In its August 30, 2010 letter to Defendant, Plaintiff indicated that it completed the project on June 15, 2010.  (Pl. Opp. Ex. D.)

[4] Plaintiff filed two separate actions against Defendant and Courtet.  Courtet filed a third action against Defendant.  On September 1, 2011, Defendant filed a Motion to Consolidate all three cases because the claims arose from the same transaction/occurrence and involved common questions of law or fact.  (Def. Motion to Consolidate 2, 3.)  The motion was unopposed.  On November 3, 2011, the Court ordered the three actions consolidated for all purposes, including pre-trial discovery, arbitration and trial.

*by* 40 U.S.C. §§3131-3133(1959).   The Act provides that contractors in public construction projects must obtain a performance and payment bond for all work performed under the contract, and that a person who has performed labor or furnished material under the contract has the right to sue on the payment bond for the amount contracted for.   40 U.S.C. §§ 3131(b), 3133(b). Thus, Plaintiff seeks to collect $65,000.00 for the work it completed as a subcontractor in the restoration project. (Comp. ¶ 20.)

Plaintiff stated in its Complaint that it "completed its work on June 15, 2010." (Comp. ¶ 13.)  Under the Miller Act, any action "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. §3133(b)(4).

On August 24, 2011, Defendant filed a Motion to Dismiss, or in the alternative, a Motion for Summary Judgment.  Defendant argues that Plaintiff is time barred from pursuing its claim under the Miller Act.  (Def. Motion to Dismiss 1.)  In support of its position, Defendant has attached to its Motion to Dismiss payroll records it obtained from the Department of Interior under the Freedom of Information Act ("FOIA"). (Def. Motion to Dismiss Ex. D.)  Specifically, these payroll records indicate that Plaintiff's last day of work on the project was June 11, 2010, not June 15, 2010, as Plaintiff alleged in its Complaint. (Id.)  Thus, Defendant argues, the time period for Plaintiff to bring suit under the Miller Act ended on June 11, 2011, one year after Plaintiff's last day of work on the project.   Because Plaintiff brought suit on June 15, 2011, Defendant asserts that Plaintiff's claim is time barred and should be dismissed.

In its opposition papers, Plaintiff admits that it made a mistake in claiming that its last day of work on the project was June 15, 2010. (Pl. Opp. 5.) Plaintiff explains that this oversight was based on "looking at the last day of the payroll period, rather than the last day of work." (Id.

7.) Thus, Plaintiff now concedes that its last day of work on the project was actually June 11, 2010. (Id. 5.) It seeks equitable tolling of the statute of limitations to preserve its claims.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cty of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements' of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft,129 S. Ct. at 1949.

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). If a claim is dismissed pursuant to Rule 12(b)(6), the plaintiff may be granted leave to amend or reassert the claim. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

However, leave to amend is not warranted if "the complaint, as amended, would fail to state a claim upon which relief could be granted." Id.

## B. Summary Judgment

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), Pollock v. Am. Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986). The moving party has the initial burden of proving the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A fact is "material" if a dispute about that fact "might affect the outcome of the suit under governing [substantive] law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. Id. at 249.

## IV.   DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant argues that Plaintiff's claim under the Miller Act is time barred because Plaintiff filed suit more than one year after its last day of work on the project.  (Def. Motion to Dismiss 1.)    The Miller Act requires claims to be brought within one year from the last day of performance.  40 U.S.C. §3133(b)(4) ("An action brought under this subsection must be brought *no later than one year after the day on which the last of the labor was performed* or material was supplied by the person bringing the action" (emphasis added).

Courts in this district, as well as other courts in the Third Circuit, have routinely dismissed complaints under the Miller Act that were not filed within the one year time period. See United States use of E.J. & Sons, Inc. v. Viatech Systems, Inc., No. 89-cv-1657, 1989 U.S. Dist. LEXIS 11153 (D.N.J. Sept. 19, 1989) (granting defendant's motion for summary judgment); United States ex rel. J.D.M. Materials Co. v. Fireman's Fund Ins. Co., No. 98-cv-5186, 1999 U.S. Dist. LEXIS 1231 (E.D. Pa. Feb. 3, 1999) (granting defendants motion to dismiss); Rea-Car, Inc. v. PNM Constr., Inc., No. 90-cv-7540, 1991 U.S. Dist. LEXIS 6890 (E.D. Pa. May 21, 1991) (granting defendant's motion for summary judgment); United States use of H. T. Sweeney & Son, Inc. v. E.J.T. Constr. Co., 415 F. Supp. 1328 (D. Del. 1976) (granting defendant's motion to dismiss).

Plaintiff mistakenly claimed that its last day of work on the project was June 15, 2010. (Comp. ¶ 13.)  However, Defendant obtained payroll documents from the Department of Interior by way of a FOIA request, and attached these payroll documents as an exhibit to its Motion to Dismiss.  (Def. Motion to Dismiss Ex. D).  These documents indicate that Plaintiff's last day of work on the project was actually June 11, 2010, which Plaintiff now concedes.  (Pl. Opp. 5.)

6

Although "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when deciding a motion to dismiss, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the payroll documents submitted by Defendant with its Motion to Dismiss indicate that Plaintiff's last day of work was June 11, 2010. (Def. Motion to Dismiss Ex. D.) Plaintiff necessarily relies on the work it completed on the project for its Miller Act claim. Moreover, although Plaintiff indicates that June 15, 2010 was the *last day of the payroll period* for the project, Plaintiff admits that June 11, 2010 was actually Plaintiff's *last day of work* on the project. (Pl. Opp. 5.) Although Plaintiff did not attach the payroll documents to its Complaint, Plaintiff's Complaint does, in essence, rely on these payroll documents in order to support its Miller Act claim. Further, Plaintiff does not dispute that the documents are authentic, and Plaintiff "obviously is on notice of the contents of the document." Pension, 998 F.2d at 1196-97. As such, considering the payroll documents as part of Defendant's Motion to Dismiss is appropriate. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." Id. at 1196.

In conclusion, Plaintiff had one year from June 11, 2010 to initiate its action under the Miller Act. 40 U.S.C. §3133(b)(4). Plaintiff filed the present action on June 15, 2011. (Comp. ¶ 13.) Plaintiff's claim was initiated one year and four days after the last day that "labor was performed." See id. Consequently, Plaintiff's claim is time barred under the Miller Act, and Defendant's Motion to Dismiss should be granted.

## B. Defendant's Motion for Summary Judgment in the Alternative

In the alternative, Defendant argues that summary judgment should be granted in its favor. In considering Defendant's Motion as one for Summary Judgment, this Court must determine whether there is a genuine issue of material fact. <u>Matsushita</u>, 475 U.S. at 587-88. Defendant alleges that Plaintiff's claims are time barred. (Def. Motion to Dismiss 1.) Plaintiff was party to a public construction project that is governed by the Miller Act. 40 U.S.C. §§3131-3133(1959). The Miller Act requires claims to be brought within one year from the last day of performance. 40 U.S.C. §3133(b)(4). Here, both parties agree that Plaintiff's last day of work on the project was June 11, 2010. (Pl. Opp. 5; Def. Motion to Dismiss 2.) Thus, there is no genuine issue of material fact that Plaintiff's deadline to file its complaint under the Miller Act was one year from June 11, 2010, or June 11, 2011. Plaintiff filed its complaint on June 15, 2011, four days after the limitations period expired. Thus, the evidence is such that no reasonable jury could find that Plaintiff filed its Complaint within the appropriate time period. Under the summary judgment standard, Defendant's Motion warrants granting. <u>Anderson</u>, 477 U.S. at 248.

## C. Equitable Tolling

Plaintiff admits that it filed its Complaint outside of the time period afforded by the Miller Act (Pl. Opp. 6-8). However, Plaintiff requests that the Court utilize the "equitable tolling doctrine" to preserve Plaintiff's claim. Equitable tolling "functions to stop the statute of limitations from running where the claim's accrual date has passed." <u>Oshiver v. Levin</u>, 38 F.3d 1380, 1387 (3d Cir. 1994)(citing <u>Cada v. Baxter Healthcare Corp.</u>, 920 F.2d 446, 450 (7th Cir. 1990). The Third Circuit has stated that the "doctrine of equitable tolling;" is applied

"'sparingly.'" Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591(3d Cir. 2005) (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 110, 113.)

A plaintiff bears an "obligation" to "exercise due diligence to preserve his or her claim." Robinson v. Dalton, 107. F.3d 1018, 1023 (3rd Cir. 1997). As such, equitable tolling is a remedy invoked in extraordinary circumstances that are distinguishable from instances where individuals who have "missed carefully drawn deadlines" are seeking to preserve their claim. Id. The Third Circuit has held that equitable tolling may be appropriate in the following three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented form asserting his rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver, 38 F.3d at 1387.

Plaintiff has not satisfied any of the three prongs outlined above. First, Plaintiff admits that it made an "innocent mistake," when it represented to Defendants, in its August 30, 2010 letter, that its last day of work was June 15, 2010. (Pl. Opp 5; Def. Reply 3-4.) Nowhere does Plaintiff assert that it was misled by Defendant in believing that June 15, 2010 was its last day of work. Second, Plaintiff has not established that it has, in some extraordinary way, been prevented from asserting its rights. Oshiver, 38 F.3d at 1387. Instead, Plaintiff cites to its "innocent mistake" of relying on the last day of the payroll period rather than on the last day of actual work, (Pl. Opp. 5-7). Plaintiff provides no evidence of "extraordinary" circumstances that prevented it from filing suit earlier. In fact, Plaintiff had ample time between October 2010, when DeNicolola filed for bankruptcy, and June 11, 2011, the deadline under the Miller Act, to file its Complaint. (Id. 18.) Finally, Plaintiff has not provided any evidence that it "timely

asserted" its rights "mistakenly in the wrong forum." Id.  Here, Plaintiff's "innocent mistake" led to an *untimely* filing in the *proper* forum.

In sum, Plaintiff has not met the requirements for equitable tolling. Podobnik, 409 F.3d at 591.  Therefore, Plaintiff's claim is time barred under the Miller Act, and Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, should be granted.

## V.     CONCLUSION

Based on the reasons set forth above, Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment, is granted and the Complaint is dismissed with prejudice.

An appropriate Order accompanies this Opinion.

_____

CLAIRE C. CECCHI, U.S.D.J.

DATED:  March 28, 2012